IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONALD E. MOSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07cv217-WC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

Plaintiff Ronald E. Moss (Moss) for disability insurance benefits under Title II of the Social Security Act (the Act), 42 U.S.C. §§ 401 *et seq.*, alleging he was unable to work because of a disability. Moss's application was denied at the initial administrative level. Moss then requested and received a hearing before an Administrative Law Judge (ALJ). A supplemental hearing was held before the same ALJ. Following the hearings, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. §§ 405(g), 1383(c).

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #8); Def.'s Consent to Jurisdiction (Doc. #7). Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the Commissioner's decision.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).

To make this determination,[2] the Commissioner employs a five step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the *Listing of Impairments*]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987). This Court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner.]"

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

*Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).

**III.    ISSUE**

*A.    Introduction*

Moss was forty-six years old at the time of the hearing before the ALJ and had more than a high school education. (*See* Tr. 61 & 21). Moss's prior work experience includes: police/security officer; produce delivery driver; materials handler; service truck fuel technical agent; machine operator; billboard laborer; and store clerk. (Tr. 75-83).

Following the administrative hearing, the ALJ concluded Moss had severe impairments, including degenerative disc disease of the lumbar spine at L4-5 with lumbar radiculitis and status post fusion at L4-5 from the onset date of 5 November 1997 through the date last insured, 31 December 2002. (Tr. 23). The ALJ found Moss's impairments did not meet or equal in severity any impairment set forth at 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. The ALJ also found Moss's allegations of pain and functional limitations not fully credible and determined Moss retained the residual functional capacity to preform work at the light range of work activity, with a host of restrictions. The ALJ then determined Moss retained the residual functional capacity to perform jobs, which exist in significant numbers in the national economy. *Id*. Finally, the ALJ determined Moss was not disabled within the meaning of the Social Security Act from his alleged onset date of 5 November 1997, through the date his insurance expired, 31 December 2002. *Id*.

### B.    *Moss's Claim*

Moss presents one issue for review. As phrased, Moss argues the ALJ's "decision should be reversed. Because the ALJ erred in evaluating Mr. Moss'[s] testimony concerning his pain." (Doc. #12 at 14). Moss contends the ALJ erred because he failed to "undergo the analytical framework required by Eleventh Circuit precedent . . . by, in effect, requiring objective medical evidence of the severity of [Moss's] pain." *Id*. at 15. The Commissioner refutes Moss's contention, arguing the ALJ's decision complied with Eleventh Circuit case law. (Doc. #13 at 3).

### IV.    DISCUSSION

As stated above, Moss's only argument,[4] is the ALJ did not undergo the proper analysis, required by the Eleventh Circuit, when a claimant attempts to establish a disability through their own subjective testimony of pain. Defendant maintains the Commissioner's decision followed the proper legal analysis for making such a determination. The Court agrees with Defendant.

"To establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can

---

[4] Moss argues, by way of footnote, that "[t]he ALJ also did not consider the regulatory factors contained in Social Security Ruling 96-7p, as required." (Doc. #12 at 15, n. 5). However, it is clear, from the ALJ's decision and his discussion of the facts in the record, the ALJ's determination was made in compliance with the appropriate regulatory framework set forth in 20 C.F.R. § 404.1529.

5

reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). The ALJ must articulate explicit and adequate reasons for rejecting the subjective testimony of a plaintiff. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

### A. Part (1) of the test.

The ALJ determined Moss suffered from severe impairments, including degenerative disc disease of the lumbar spine with lumbar radiculitis and status post fusion, thereby establishing the first prong of the test. (Tr. 23).

### B. Parts (2 & 3) of the test.

Parts 2 and 3 of the test required the ALJ, after he made a finding of an underlying medical condition, to determine if there was objective medical evidence confirming the severity of Moss's pain, or, if the objectively determined medical condition could reasonably be expected to give rise to Moss's pain. As to this part, the ALJ stated:

> I find that [Mr. Moss's] testimony from his alleged onset date of November 5, 1997[,] through his date last insured which expired on December 31, 2002[,] and even up until April 2004, regarding his allegations of disabling pain and functional restrictions is disproportionate to the objective medical evidence. The record does not contain objective signs and findings that could reasonably be expected to produce the degree and intensity of pain and limitations alleged. There are no diagnostic studies to show abnormalities that could be expected to produce such severe symptoms. The physical findings in the record do not establish the existence of neurological deficits, significant weight loss, muscle atrophy, or other observable signs often indicative of protracted pain of the intensity, frequency, and severity alleged.

(Tr. 21). Thus, the ALJ properly followed the three part test when he determined there

was neither objective medical evidence in the record, which would support Moss's testimony, nor was there any reasonable expectation the objectively determined medical condition would give rise to Moss's pain.

Further, "the ALJ systematically articulated his reasons for rejecting [Moss's] subjective complaints of pain." *Dyer,* 395 F.3d at 1211. In addition to what is stated above, the ALJ noted that no examining source or medical expert had concluded Moss's impairments, between 5 November 1997 and 31 December 2002, equaled in severity any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 20). Prior to May 2004, the medical evidence did not support a need for a serious level of pain medication. *Id*. The medications which Moss took prior to May 2004 indicated he retained a residual functional capacity for light work activity. *Id*. The ALJ also stated that the evidence prior to 31 December 2002, did not support a finding of disabled and noted Moss was doing well after his fusion and injections. *Id*. While in prison from June 1999 to November 2003, Moss did not take serious pain medications. *Id*. As of 2004, Moss reported only taking over-the-counter medications for his back. *Id*. Thus, the ALJ determined Moss's pain testimony to be incredible.

"The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the Court] to conclude that the ALJ considered [the] medical condition as a whole." *Dyer*, 395 F.3d at 1210 (internal quotations omitted). Here, as demonstrated above, the ALJ

7

exceeded the standard, by citing particular phrases and formulations, which clearly enabled this Court to determine the ALJ considered Moss's medical condition as a whole. Accordingly, the ALJ properly followed the test for determining the credibility of pain testimony, and the record supports the ALJ's determination that Moss's pain was not severe. The decision of the ALJ is therefore affirmed.

## V.    CONCLUSION

The Court has carefully and independently reviewed the record and concludes that the decision of the Commissioner is supported by substantial evidence. That decision is affirmed. A separate order will issue.

DONE this 20th day of January, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE